**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICOLE THOMPSON, | No. 15-17074 |
| Plaintiff-Appellee, | D.C. No. 2:09-cv-01375-JAD-PAL |
| v. | |
| TRW AUTOMOTIVE U.S. LLC, a Delaware corporation, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted July 14, 2017
San Francisco, California

Before: GRABER and FRIEDLAND, Circuit Judges, and FOGEL,[**] District Judge.

TRW Automotive U.S. LLC ("TRW") appeals from the denial of its motions for judgment as a matter of law and for a new trial after a jury found in favor of Nicole Thompson in her product liability action against TRW. TRW argues that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

(1) the district court should have used a risk-utility instruction; (2) the court should have used a but-for causation instruction; and (3) substantial evidence does not support a conclusion that the airbag's failure to deploy caused Thompson's injuries.

1. The district court did not err by failing to use a risk-utility instruction because Nevada has not adopted the risk-utility test in design defect product liability cases. Instead, Nevada courts use the consumer-expectations-based test articulated in *Ginnis v. Mapes Hotel Corp.*, 470 P.2d 135 (Nev. 1970). The district court used this test to instruct the jury, and its instruction mirrored Nevada's pattern jury instruction.

2. Thompson and TRW presented mutually exclusive theories of causation for Thompson's injuries: Either Thompson's head hitting the visor upon contact with the pole caused her neck injury—and the airbag could have prevented this injury had it deployed—or her chin hitting the steering wheel upon contact with the curb caused the injury, and any later deployment of the airbag would not have prevented the injury. Because the theories were mutually exclusive, the district court should have given a but-for causation instruction. *See Wyeth v. Rowatt*, 244 P.3d 765, 778 (Nev. 2010). Nevertheless, because the parties presented the theories to the jury as mutually exclusive and evidence supports Thompson's theory, it is more probable than not that the jury would have returned a verdict for

2

Thompson even if the court had used the but-for causation instruction. The error was thus harmless.

3. Substantial evidence supports the conclusion that a design defect in the airbag electronic control module caused Thompson's injuries. At trial, witnesses explained how airbags operate, what they are intended to do, and why they would be expected to deploy in the collision at issue. Witnesses also described how the collision with the pole caused Thompson's injuries. Given the testimony regarding the purpose and operation of airbags and the evidence that the pole collision caused Thompson's injuries, substantial evidence demonstrates that, had the airbag deployed during the collision, Thompson would not have suffered worse injuries and in fact would have sustained less severe injuries. Moreover, substantial evidence shows that Thompson's failure to wear her seatbelt or a defect in the seatbelt was not a superseding intervening cause of her injuries.

AFFIRMED.